UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ x
RICHARD MARQUELL WARE,                   :
                                         :
                       Plaintiff,        :
                                         :               **ORDER GRANTING**
         -against-                       :               **MOTION TO DISMISS**
                                         :
JUDGE EUGENE CALISTRO, *et al.*,         :               24-CV-323 (VDO)
                                         :
                       Defendants.       :
------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Richard Marquell Ware brings this action against several Connecticut state employees and officers—namely, a judge, a probation officer, and an attorney serving as part of the Judicial Review Council—seeking relief of various sorts related to Connecticut state criminal proceedings. For the reasons that follow, the Court now **grants** the Defendants' motion to dismiss the complaint in full.

**I.**     **BACKGROUND**

In evaluating a motion to dismiss, a district court "may consider extrinsic material . . . of which courts can take judicial notice." *E. Fork Funding LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Certificate Holders for Agent Sec. Inc., Asset Backed Pass Through Certificates, Series 2006-W1*, No. 24-2066, 2025 WL 1554814, at *2 (2d Cir. June 2, 2025) (summary order) (internal quotations omitted). A federal district court may take judicial notice of state court criminal proceedings. *Id.* at *4 n.5.

Ware has numerous prior convictions and faces many other ongoing criminal actions. *See* Conn. Judicial Branch Docket Number Lookup, available at https://www.jud.ct.gov/crim.htm

(last accessed Aug. 8, 2025) at Docket Nos. N23N-CR21-0235742-S; N23N-CR17-0179643-S; N23N-CR16-0168873-S; K21N-MV19-0172883-S; N23N-CR17-0095211-T; N23N-CR17-0095212-T; N23N-CR20-0232225-S; N23N-CR17-0179644-S; N23N-CR20-0230254-S; N23N-CR23-0249682-S; N23N-CR25-0258072-S; N23N-CR25-0258073-S; N23N-CR25-0258074-S; N23N-CR24-0251582-S. Seven of these actions remain pending. *Id.*

Ware filed this action on March 6, 2024.[1] His brief complaint alleges first that Defendant Judge Eugene Calistro wrongly raised his bond to excessive levels,[2] forced him to accept a public defender as a representative,[3] and sentenced Ware in violation of his constitutional rights[4]; that Defendant Probation Officer Joseph Fortini forced Ware to submit urine tests without court authorization[5]; and that Defendant Kevin J. Dunn, an attorney with a role at Connecticut's Judicial Review Board, "turned a blind eye" to Ware's filings.[6] For relief, Ware's suit seeks his "house arrest terminated," "Judge Calistro removed [] from my case," "public defender removed from my case," violation of probation "to be dismissed," and $5 million in damages.[7]

## II.   LEGAL STANDARD

The Defendants now collectively move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[8]

To avoid dismissal under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Compl., ECF No. 1.
[2] *Id.* at 1-2.
[3] *Id.* at 10-12.
[4] *Id.* at 5.
[5] *Id.* at 2, 8.
[6] *Id.* at 3.
[7] *Id.* at 7.
[8] Mot. to Dismiss, ECF No. 35.

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the complaint's factual allegations when evaluating a motion to dismiss, *id.*, and must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

In adjudicating a motion to dismiss under Rule 12(b)(1) on the pleadings, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor" except for "argumentative inferences favorable to the party asserting jurisdiction." *Buday v. N.Y. Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012).

### III.  DISCUSSION

#### A.  Ware's claims for injunctive relief

The Defendants argue that the abstention doctrine first set out in *Younger v. Harris*, 401 U.S. 37 (1971), precludes this Court from exercising jurisdiction over this action. *Younger* abstention provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). *Younger* abstention applies only in three sorts of circumstances,

3

however: "(1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts." *Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (summary order) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73, (2013)); *see also Schorr v. DoPico*, 686 F. App'x 34, 36 (2d Cir. 2017) (summary order) (stating *Sprint* clarified the three "exceptional circumstances" in which courts should abstain under *Younger* (quotation marks omitted)).

*Younger*, the Supreme Court has since explained, established that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973). Therefore, "unless state law clearly bars the interposition of the constitutional [or federal] claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The relief that Ware seeks falls squarely into this category—*Younger* category one—of cases seeking a federal court order enjoining an ongoing criminal prosecution. Ware seeks an order (1) mandating the recusal of a judge that he claims is still presiding over ongoing proceedings; (2) dismissing an ongoing criminal proceeding involving a violation of probation; (3) terminating state-court-imposed and supervised conditions of probation; and (4) mandating the removal of his attorney. This is, inarguably, a request for equitable relief—namely, an injunction—interfering in an ongoing criminal proceeding. *Younger* and its progeny make eminently clear that federal courts should abstain from exercising jurisdiction over claims seeking relief of this sort in the normal course.

4

The Second Circuit has held that "abstention is appropriate where the plaintiff has an 'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issue in the federal suit." *Spargo*, 351 F.3d at 77 (quoting *Middlesex Cnty. Ethics Comm.*, 547 U.S. at 437); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (reasoning that where it is "abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings," "[n]o more is required to invoke *Younger* abstention"). In this action, Ware has—and will continue to have—ample opportunity to appeal his claims within the Connecticut state court system. Ware has "made no showing that the [s]tate's laws, procedures, or practices would prevent his effective interposition of his federal contentions." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). The Court is, therefore, bound to abstain from exercising jurisdiction over Ware's claims for injunctive relief under *Younger*.[9]

### B.  Ware's claim for monetary relief

District courts, however, should not abstain from exercising jurisdiction over claims for monetary relief. *See Morpurgo v. Inc. Vill. of Sag Harbor*, 327 F. App'x 284, 286 (2d Cir. 2009) (summary order). That is because "[w]hen money damages, as opposed to equitable relief, are sought, it is less likely that unacceptable interference with the ongoing state proceeding, the

---

[9] Defendants also argue that the Eleventh Amendment to the United States Constitution bars Ware's claims against all defendants pursuant to the immunities afforded to state officers. Defendants correctly recognize the long-established rule that Eleventh Amendment does not bar claims that allege an ongoing violation of federal law and seek prospective relief in the form of an equitable injunction. *See Ex Parte Young*, 209 U.S. 12 (1908). Defendants argue that Ware seeks no prospective relief, in perhaps a strained reading of Ware's complaint at odds with their description of his claims as barred by *Younger*. Mem. in Supp. of Mot. to Dismiss, ECF No. 35-1 at 10. However, having concluded that *Younger* precludes the Court from exercising jurisdiction over this action, there is no need for the Court to resolve immunity questions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (noting that courts may determine whether *Younger* abstention applies before addressing jurisdictional issues).

5

evil against which *Younger* seeks to guard, would result from the federal court's exercise of jurisdiction." *Kirschner*, 225 F.3d at 238. "Accordingly, . . . abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but that a stay of the action pending resolution of the state proceeding may be appropriate." *Id.*; *see also Novie v. Vill. of Montebello*, No. 10-CV-9436, 2012 WL 3542222, at *13 (S.D.N.Y. Aug. 16, 2012) (explaining that "courts in this Circuit have held that abstention is generally not appropriate in cases seeking damages pursuant to 42 U.S.C. § 1983" and collecting cases).

Here, Defendants' arguments that they are each immune from claims for actions undertaken in the exercise of their duties as officers of the State of Connecticut are squarely presented. Where a plaintiff seeks damages only from defendants who are immune from their claims, they have failed to state a claim upon which relief can be granted and their claims are properly dismissed under Rule 12(b)(6). *See Manchanda v. Emons*, No. 17-CV-127, 2017 WL 810278, at *4 (D. Conn. Mar. 1, 2017).

The Eleventh Amendment preserves state immunity from suits brought in federal court. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). That immunity extends to any "state entity that is an 'arm of the State' . . . including, in appropriate circumstances, a state official acting in his or her official capacity . . . ." *Deposit Ins. Agency v. Superintendent of Banks*, 482 F.3d 612, 617 (2d Cir. 2007) (internal quotation marks and citations omitted). It is well-established that judges and judicial officials enjoy absolute immunity from suit for acts performed in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). That "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 129 (1991). And part and parcel of that immunity, non-judicial officials also may be entitled to absolute

6

immunity if they are performing judicial functions. *See Forrester v. White*, 484 U.S. 219, 224 (1988)

As to Judge Calistro, it is black-letter law that judges enjoy absolute immunity against any claims for actions taken as part of the exercise of their official duties. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Ware's claims against Judge Calistro arise from core judicial activities—setting bond amounts, ruling on motions, and otherwise presiding over proceedings. For that reason, these claims are barred by the Eleventh Amendment, and the Court dismisses claims for monetary damages against Judge Calistro.

Probation officers like Officer Fortini occupy a somewhat more complicated position. "As a general matter, probation officers are entitled to immunity in the performance of their duties, but the type of immunity afforded depends on whether 'the duties of the defendants were judicial or prosecutorial, which entitles them to absolute immunity, or administrative, which may entitle them to qualified immunity.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (quoting *King v. Simpson*, 189 F.3d 284, 288 (2d Cir. 1999)). To determine whether an official's actions served a judicial function, courts consider the degree to which the conduct was subject to procedural safeguards, such as whether the context in which it performed "was adversarial in nature[,] . . . conducted by a judicial officer who rendered the final decision[,] and . . . subject to judicial review." *Sykes v. James*, 13 F.3d 515, 521 (2d Cir. 1993). "The more distant a function is from the judicial process, the less likely absolute immunity will attach." *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998) (alteration and internal quotation marks omitted).

Probation officers are therefore entitled to absolute immunity from suit while performing prosecutorial functions such as "initiating parole revocation proceedings and . . .

7

presenting the case for revocation to hearing officers." *Id.* at 112. Ware apparently seeks monetary relief from Fortini for Fortini's decision to initiate just such proceedings. The Eleventh Amendment, therefore, affords Fortini absolute immunity from Ware's claims, and Ware's claim for monetary damages against Fortini is therefore dismissed.

As to Defendant Dunn, courts in this district have previously held that the Connecticut Judicial Review Council is covered by Eleventh Amendment immunity. *See Manchanda*, 2017 WL 810278 at *4. The logic behind that decision is sound; the core of a judicial review council is to review the propriety of judicial decision-making and therefore receives the same protections. Therefore, Ware's claim for monetary damages against Dunn is likewise barred and must be dismissed.

## IV.    CONCLUSION

For the reasons set forth throughout this opinion, the Court GRANTS the motion to dismiss at ECF No. 35, and the Clerk of the Court is respectfully requested to enter judgment and close this action. The Clerk of the Court is respectfully requested to mail copies of this order to the address for Ware provided by the Defendants at ECF No. 40 as well as the address Ware himself provides at ECF No. 41.

**SO ORDERED.**

Hartford, Connecticut
August 12, 2025

        /s/Vernon D. Oliver
        VERNON D. OLIVER
        United States District Judge